IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL DAVIS,<br>　　　　Plaintiff, | * |
| v. | *<br>CIVIL ACTION NO. AW-08-2617 |
| JOHN ROWLEY, et al.,<br>　　　　Defendants. | *<br>* |

## **MEMORANDUM OPINION**

On December 12, 2008, the court received Plaintiff Michael Davis's civil rights complaint seeking compensatory damages. Paper No. 1. Davis, an inmate incarcerated at the North Branch Correctional Institution ("NBCI"), alleged that correctional employees refused to provide him administrative remedy forms ("ARP"). *Id*. Defendants have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 17. Plaintiff has not filed an opposition.[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### **Background**

Davis alleges that in October, 2008, while housed at NBCI, Officer Shoemaker refused to give him administrative remedy forms so that he could seek relief for his complaint that officers had confiscated administrative remedy forms on September 28, 2008, during a cell search. Paper No. 1. Plaintiff states that his action deprived him of his right to due process and "what could be access to the courts." *Id*.

The uncontroverted records demonstrate that in the fall of 2008, NBCI began using a newly-designed ARP form which contained a built-in carbon copy sheet. Paper No. 17, Ex. A. The forms were maintained in a locker next to the tier officer's desk. If forms were available on the tier, an inmate who requested a form would be provided one. There were times in the fall of 2008 that the tier's supply of forms was exhausted. When forms were not available, inmates were advised to write to the library to request them and the library staff would distribute the forms, along with other

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on October 26, 2009, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 18. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

materials, weekly. *Id.*, Ex. B. In the event the library had also run out of forms, inmates were permitted to submit ARPs on informal inmate complaint forms or write directly to the Warden. *Id.* Defendant Shoemaker has no recollection of Plaintiff or any interaction with him. He avers that he has never refused to provide an ARP form to an inmate who requested one, so long as forms were available on the tier. He further avers that if forms were not available he would advise the inmate of other means for obtaining forms through the library. *Id.*, Ex. A.

Plaintiff submitted three ARPs in the fall of 2008—on September 5, September 25, and October 9. None of the ARPs submitted by Plaintiff from September, 2008 to the filing of dispositive motions concerned the confiscation of materials from his cell. Id., Ex. B.

**Standard of Review**

A.  Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.  Motion for Summary Judgment

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

2

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

There is no constitutional right to a prison grievance procedure, nor to access to it if one has been established. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, there is simply no evidence that Plaintiff was deprived of access to the grievance process. Even if ARP forms were not available on the tier, Plaintiff was free to pursue multiple other avenues to either secure an ARP form or to file his grievance. This he failed to do.

To the extent Plaintiff claims that Defendants violated their own procedural guidelines by failing to provide him with an ARP upon request, such contention does not state an independent federal claim. *See Sandin v. Conner*, 515 U.S. 472, 478-87 (1995) (while a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989).

Lastly, Plaintiff does not state what injury, if any, he suffered as a result of the alleged

3

conduct. Absent personal deprivation or injury, he may not proceed under a § 1983 theory of liability. s*ee Allen v. Wright*, 468 U.S. 737, 751 (1984), as "[]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (1995).

## Conclusion

Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, is granted. Judgment shall be entered in favor of Defendants and against Plaintiff. A separate order follows.


Date: May 20, 2010  _____/s/_____
  Alexander Williams, Jr.
  United States District Judge